## S97G0631. THE STATE v. LAROCQUE.
### (489 SE2d 806)

THOMPSON, Justice.

In this case of first impression, we are called upon to clarify the nature of a continuing objection. While Georgia courts have long recognized the use of continuing objections, see, e.g., *Jackson v. State,* 256 Ga. 536 (350 SE2d 428) (1986); *Moore v. State,* 254 Ga. 674 (333 SE2d 605) (1985); *Sanders v. State,* 246 Ga. 42 (268 SE2d 628) (1980); *Edgeworth v. Edgeworth,* 239 Ga. 811 (239 SE2d 16) (1977); *Campbell v. State,* 237 Ga. 76 (226 SE2d 601) (1976), we have not specifically explained how a continuing objection is to be put on the record and what a continuing objection does. We take this opportunity to address these issues.

Jerry Lee Larocque was convicted of rape, false imprisonment, sexual battery, and battery. During his jury trial, the State cross-examined Larocque and asked him whether he had violated bond conditions by being at a convenience store within a mile of the victim's home. Larocque objected on relevance grounds. A bench conference followed, and the court asked the district attorney to explain the relevance of the convenience store questioning. The district attorney theorized that Larocque was attempting to intimidate the victim by making himself visible to her just prior to trial. Defense counsel then asked the trial court if the State should have given notice of similar transactions. The trial court responded by saying, "I think intimidation, evidence of intimidation of a witness is relevant. I don't think it would require notice but I will note your objection and overrule it." Defense counsel's simple response was, "Okay."

As cross-examination continued, Larocque affirmatively denied having visited the convenience store. Larocque was then asked other questions concerning intimidation; he did not renew his objection to

those questions. Furthermore, he never objected to subsequent testimony of several witnesses — one of whom flatly contradicted Larocque's statement that he had not visited the convenience store — who placed him near the victim's residence and workplace, and who saw Larocque drive slowly past the victim's workplace.

In reversing Larocque's conviction, a majority of the Court of Appeals found that Larocque's single objection to the convenience store question had preserved for review the entire line of intimidation evidence. *Larocque v. State*, 224 Ga. App. 92, n. 1 (479 SE2d 450) (1996). We granted certiorari to consider this question: "When can a single objection constitute a 'continuing' objection to the introduction of evidence?"

This state has long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error. *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1) (476 SE2d 722) (1996). Of course, even if counsel timely objects to certain testimony, its admission is not error where substantially the same evidence is subsequently admitted without objection. *Clarke v. State*, 221 Ga. 206 (144 SE2d 90) (1965); *Massey v. State*, 220 Ga. 883 (4) (142 SE2d 832) (1965). See also *Steverson v. Hosp. Auth. of Ware County*, 129 Ga. App. 510, 514 (2) (199 SE2d 881) (1973). However, error can be enumerated upon subsequently introduced testimony if a continuing objection was interposed in the first instance.

Continuing objections eliminate the need to repeat an objection where the trial court's ruling on the first objection clearly covers subsequent proceedings and the court has granted a party the right to have a continuing objection. 4 CJS 297, Appeal and Error, § 218 (1993). If the court does not specifically grant a right to a continuing objection, it is counsel's duty to object to testimony as it is offered. See *Yankunos v. Hinds Catering Co.*, 196 A 520, 521 (Pa. Super. 1938). Larocque's only specific objection was a relevancy objection to the convenience store testimony. He did not specifically request, nor was he specifically granted, a continuing objection to all subsequent intimidation testimony.

Larocque asserts his objection was continuing inasmuch as the trial court declared the intimidation evidence relevant. We do not, however, construe the trial court's response as granting a continuing objection. The trial court did nothing more than rule on Larocque's objection and we will not assume that it granted a continuing objection where none was specifically requested. Accordingly, Larocque's relevancy objection to the convenience store testimony was not a continuing objection and did not preserve for review the entire line of intimidation testimony.

Unless the record clearly shows that an objection is specifically

requested and granted as continuing, an appellate court can only speculate whether an objection covers subsequently admitted evidence. Accordingly, we hold that a single objection constitutes a continuing objection only when counsel specifically requests a continuing objection and the trial court specifically grants a continuing objection, or when the trial court on its own initiative clearly designates an objection as continuing. Because the record does not reflect that these requirements were met, we reverse the judgment of the Court of Appeals.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney,* for appellant.
*Chandler & Britt, Walter M. Britt, Gregory D. Jay,* for appellee.