A03A1160. WIKE v. THE STATE.
(585 SE2d 742)

BARNES, Judge.

Following his jury conviction for misdemeanor battery and the subsequent denial of his motion for new trial, Randy Wike appeals, contending that the trial court erred in declining to give his charge on defense of habitation. Upon finding that the evidence did not support a charge on defense of habitation, we affirm.

Construed to support the conviction, the evidence demonstrates that on January 15, 2001, when Wike brought his son home after a weekend visit, the victim was working in the front yard. The victim is married to Wike's ex-wife. When his son got out of the car, Wike began to yell obscenities at the victim. The victim told Wike to leave, but Wike would not; instead he continued to yell insults and obscenities at the victim. When the victim told Wike for the third time to leave his property, Wike jumped out of his car, approached the victim, and hit him behind his left ear. The victim had a shovel in his hands, which he had picked up with the intent of protecting himself, but when Wike hit him, he dropped the shovel. Wike drove away but was later arrested for battery.

Wike argues that the trial court erred by not giving his requested charge on defense of habitation. He asserts that the victim

---

threw dirt on his vehicle and that created a jury question as to whether his actions after that point constituted defense of habitation.

Pursuant to OCGA § 16-3-23, "[a] person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon a habitation." The term "habitation" also includes a motor vehicle. OCGA § 16-3-24.1. But, defense of habitation is not available where there is no evidence that the victim was attempting to enter or attack a habitation when he was injured. See *Terrell v. Hester*, 182 Ga. App. 160 (3) (355 SE2d 97) (1987).

Here, Wike testified that after he dropped his son off at the victim's house, the victim cursed him, told him to get off his property, and then threw a shovel of dirt on his Jeep. He said that when he got out of the car to inspect for damage, the victim continued to verbally assault him. Wike testified that he struck the victim only after the victim pushed him with the shovel.

Because Wike's own testimony establishes that the victim was not directing any threats upon the vehicle at the time Wike struck him, OCGA § 16-3-23 is not applicable to the facts of this case. If, in fact, dirt was thrown on Wike's vehicle, the attack had ended before he exited his Jeep to inspect it. Indeed, that Wike's first inclination was to inspect the vehicle, rather than protect it by restraining the victim from committing further violence against his Jeep, belies any argument that any action was needed on his part to stop the victim from attacking his truck.

"In this case, . . . it is evident from [Wike's] testimony that [his] defense was self-defense, not defense of habitation. Thus, the court's failure to instruct the jury on the defense of habitation was not error." *Benham v. State*, 260 Ga. App. 243, 245 (3) (a) (581 SE2d 586) (2003).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 17, 2003.

*Daniel J. Sammons*, for appellant.
*N. Stanley Gunter, District Attorney, Kerry I. Banister, Assistant District Attorney*, for appellee.