## A06A1001. GRAVES v. THE STATE.
(634 SE2d 186)

SMITH, Presiding Judge.

Cornell Graves appeals from his convictions of reckless driving and driving under the influence of drugs (marijuana), contending that insufficient evidence supports them. As we find no merit in this contention, we affirm.

On appeal, we must view the evidence "in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citations and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that while a sheriff's deputy was standing on the side of I-20 handing a traffic citation to the motorist he had stopped, Graves drove past him at a high rate of speed and almost hit him. The deputy pursued and stopped Graves. When the deputy approached the driver's side window, he "smelled the odor of marijuana coming from the vehicle." He asked Graves to get out of the car, and Graves almost fell twice while doing so. After Graves got out of the car, the deputy noticed that "his face was flushed, his eyes were bloodshot," and a strong odor of marijuana emanated from his person. The deputy administered three field sobriety tests, all of which indicated that Graves was under the influence of some type of alcohol or drug. After the deputy read the implied consent notice, Graves refused to submit to chemical tests of his blood and urine. The deputy found marijuana in the glove box of the car, and testified that, in his opinion, Graves was under the influence of marijuana to the extent he was a less safe driver.

Graves argues this evidence was insufficient to support conviction for driving under the influence of marijuana because the State produced no evidence of marijuana in his system. We find no merit in this claim because Graves's refusal to submit to a test of urine or blood created an inference that these tests would have shown the presence of a prohibited substance. *Mendoza v. State*, 196 Ga. App. 627, 629 (2) (396 SE2d 576) (1990). We find that this evidence, combined with Graves's poor performance on the field sobriety tests, blood-shot eyes, unsteadiness while exiting the car, and the odor of marijuana on his person, adequately supports his conviction. The fact that the trial court found Graves not guilty of the marijuana possession charge does not require a different result, as Georgia has abolished the inconsistent verdict rule. *Smith v. State*, 265 Ga. App. 756, 757 (2) (596 SE2d 13) (2004).

Graves argues that the State also presented insufficient evidence of reckless driving, because there was no evidence he was

weaving, speeding, or crossing the centerline. Under OCGA § 40-6-390 (a), "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." We find that Graves's conduct in almost hitting a police officer who was standing on the side of the highway constituted a reckless disregard for the safety of others. *English v. State*, 261 Ga. App. 157, 159 (2) (582 SE2d 136) (2003) (defendant's reckless driving forced pedestrians to jump out of the way). As a result, sufficient evidence supports his conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JULY 11, 2006.

*Harold W. Wallace III*, for appellant.

*Dennis C. Sanders, District Attorney, Sarah M. Peacock, Durwood R. Davis, Assistant District Attorneys*, for appellee.