## A07A2095. HUGHES v. THE STATE.
### (659 SE2d 844)

BARNES, Chief Judge.

A jury found David Hughes guilty of reckless driving and driving under the influence of drugs to the extent he was less safe to drive. Hughes appeals, challenging the sufficiency of the evidence. He also argues that the trial court erred in admitting hearsay testimony and in charging the jury. For reasons that follow, we affirm Hughes' conviction for reckless driving, but reverse the DUI conviction.

1. In reviewing Hughes' challenge to the sufficiency of the evidence, we construe the evidence favorably to the jury's verdict. *Graves v. State*, 280 Ga. App. 420 (634 SE2d 186) (2006). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find Hughes guilty beyond a reasonable doubt. Id.

Viewed in this manner, the evidence shows that on March 22, 2004, a vehicle driven by Hughes struck a five-year-old boy on a narrow, residential street. The police officer who responded to the scene found Hughes detained by several area residents. The child was in the street crying, held by his father. The officer called for an ambulance, then spoke with the child's father, who indicated that a passenger from Hughes' truck told him that Hughes tried to flee after striking the child. According to the father, the passenger then ran from the scene.

When questioned by the officer, Hughes stated that the child "darted out" in front of his truck while he was traveling 35 miles per

---

hour. The officer testified that at the time of trial the posted speed limit on the street was 25 miles per hour, but he recorded a 30 mile per hour limit in the accident report.

Inside Hughes' truck, the officer saw two open containers of beer and detected a strong odor of marijuana that had "just [been] lit." Despite this discovery, the investigating officer did not administer any field sobriety evaluations or ask Hughes to take a chemical test for drugs or alcohol. Moreover, the police did not find any marijuana in the truck or on the street, and Hughes exhibited no slurred speech, red eyes, or other signs of intoxication. When questioned about his failure to conduct field evaluations or other tests, the officer stated that once he saw the beers and smelled marijuana in the car, he decided to charge Hughes with DUI.

The victim testified that he began to cross the street after he "looked both ways" and saw no vehicles. At that point, a truck "came down the street and hit [him]." A friend who was with the victim confirmed that the boy looked for cars before entering the street. According to the friend, as the victim "got close to the edge of the sidewalk, a truck flew down the street and then hit him."

(a) *Reckless driving.* "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." OCGA § 40-6-390 (a). This offense may be committed in a variety of ways, and the State need only present evidence that the defendant drove "in a manner exhibiting reckless disregard for the safety of persons or property." (Punctuation and footnote omitted.) *Winston v. State*, 270 Ga. App. 664, 665 (1) (a) (607 SE2d 147) (2004).

It is unclear whether the posted speed limit at the time was 25 or 30 miles per hour. Hughes, however, admittedly exceeded the limit to some degree, and a witness reported that his truck "flew" down the street. The victim also testified that when he first entered the street, no cars were in sight. The street was residential, and the evidence shows that cars were parked along one side, potentially reducing visibility and maneuverability along the narrow roadway. Furthermore, the police officer determined that the impact with Hughes' truck propelled the victim approximately 15 feet.

Given the particular conditions on the street, its location in a residential neighborhood, and evidence from which jurors could conclude that the truck was traveling at an excessive rate of speed, the jury was authorized to find that Hughes drove with reckless disregard for the safety of persons in the area. Accordingly, the evidence supports his conviction for reckless driving. See *Winston*, supra, 270 Ga. App. at 665-666; see also *Putman v. State*, 257 Ga. App. 902, 903 (1) (a) (572 SE2d 412) (2002) ("[R]eckless driving can be

established by proving that a defendant was driving at an excessive rate of speed given the legal rate of speed.").

(b) *DUI*. We agree with Hughes, however, that the State presented insufficient evidence to sustain the conviction for driving under the influence of drugs. The investigating officer testified that he smelled freshly lit marijuana in Hughes' truck when he arrived on the scene. Hughes, however, was not alone in the truck, and his passenger left the area before the police arrived. The officer offered no testimony that Hughes *himself* smelled of marijuana or exhibited any physical signs of intoxication. And the officer did not conduct any field sobriety tests or chemical testing to determine whether Hughes was intoxicated.

Simply put, the State has not demonstrated beyond a reasonable doubt that Hughes had ingested or was under the influence of marijuana when his vehicle struck the child. The mere smell of marijuana in the truck does not meet the proof requirement. Absent speculation, no reasonable factfinder could discern the circumstances of that odor. As the investigating officer admitted, somebody else — particularly the passenger who fled the scene and was not interviewed by police — "could have actually been smoking the marijuana."

Apparently recognizing the dearth of evidence, the State concedes on appeal that "for whatever reason the police investigation of this incident was a very poor one." That poor investigation is fatal here. Although the jury was authorized to conclude that Hughes drove recklessly and possibly tried to leave the scene, the evidence simply does not support a finding that he was under the influence of marijuana. Accordingly, we must reverse the DUI conviction. See *Thomas v. State*, 253 Ga. App. 866, 868 (1) (560 SE2d 745) (2002); see also OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."). Compare *Graves*, supra, 280 Ga. App. at 420 (DUI conviction sustained where defendant refused to submit to chemical testing, performed poorly on field sobriety tests, had an odor of marijuana about his person, was unsteady on his feet, and had bloodshot eyes).

2. Hughes argues that he is entitled to a new trial because the trial court admitted improper hearsay testimony. We disagree.

At trial, the investigating officer testified that several other officers told him Hughes "was trying to get . . . away." Hughes objected on hearsay grounds, and the trial court overruled the objection. Shortly thereafter, the officer stated that residents in the area also indicated that Hughes attempted to leave the scene. Hughes again objected, asserting that the testimony was hearsay and violated his

Sixth Amendment right to confrontation. The trial court noted the objection, but instructed the witness to "continue." The officer later testified without objection that Hughes' passenger told the child's father that Hughes had tried to get away. The father similarly testified without objection about the passenger's statement.

Georgia follows the contemporaneous objection rule, which requires counsel to object to the admission of evidence at the earliest possible time to avoid waiving the objection. *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806) (1997). Moreover, "even if counsel timely objects to certain testimony, its admission is not error where substantially the same evidence is subsequently admitted without objection." Id. Recognizing that he failed to object at several points, Hughes argues on appeal that his initial objections to the flight evidence "amount[ed] to a continuing objection to this line of testimony."

A continuing objection eliminates the need to repeatedly object to testimony on a particular subject. *Larocque*, supra, 268 Ga. at 353. But "[i]f the court does not specifically grant a right to a continuing objection, it is counsel's duty to object to testimony as it is offered." Id. And an objection cannot be viewed as continuing unless "counsel specifically requests a continuing objection and the trial court specifically grants a continuing objection, or when the trial court on its own initiative clearly designates an objection as continuing." Id. at 354.

The requirements for a continuing objection were not met in this case. Furthermore, although Hughes initially objected to the flight evidence on hearsay and confrontation clause grounds, he failed to object to the subsequent admission of essentially the same evidence. Under these circumstances, Hughes has waived his hearsay and confrontation clause arguments for purposes of appeal.[1] See *Larocque*, supra, 268 Ga. at 353-354; see also *Jordan v. State*, 283 Ga. App. 85, 86 (2) (640 SE2d 672) (2006) (confrontation clause argument waived by failure to object); *Pierre v. State*, 281 Ga. App. 69, 71 (2) (635 SE2d 363) (2006) (hearsay argument waived by failure to object).

3. Finally, Hughes argues that the trial court erred in charging the jury on OCGA § 40-6-93, which sets forth a driver's duty to exercise due care for pedestrians in the roadway. According to Hughes, the instruction confused jurors and allowed them to find him guilty of a crime with which he was not charged. Again, we disagree.

---

[1] As noted in Division 1 (a), the evidence presented at trial was sufficient to sustain Hughes' conviction for reckless driving, even without reference to the alleged hearsay statements regarding his effort to flee the scene. We need not consider, therefore, whether hearsay improperly factored into the verdict. See *Roseberry v. State*, 274 Ga. 301, 304 (3) (553 SE2d 589) (2001).

The trial court's charge correctly presented the language of OCGA § 40-6-93, which, at base, "establishes that motorists on the highways must exercise ordinary care to discover and avoid persons in the roadway." *Fountain v. Thompson*, 252 Ga. 256, 257 (312 SE2d 788) (1984). Its violation may be charged as a crime, but the statute also functions as a general statement of the duty imposed on drivers. See id.; *Winston*, supra, 270 Ga. App. at 666 (1) (b). This statement is neither confusing nor misleading.

Moreover, as part of its instructions, the trial court read the accusation, defined the charged crimes, explained that the State bore the burden of proving the material elements of those offenses, and told the jury that it could find Hughes guilty only if it determined beyond a reasonable doubt that he committed the offenses as alleged in the accusation. Given these limiting instructions, we find no merit in Hughes' claim that the reference to OCGA § 40-6-93 permitted the jury to base its verdict on an offense not charged in the accusation. See *Beals v. State*, 288 Ga. App. 815, 817 (2) (655 SE2d 687) (2007); *Ross v. State*, 192 Ga. App. 65, 66 (2) (383 SE2d 627) (1989).

*Judgment affirmed in part and reversed in part. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2008.

*Cynthia S. Griffin, Suzanne Y. Garstin*, for appellant.
*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellee.