### A11A0744. FRANCOIS v. THE STATE.
(711 SE2d 45)

McFADDEN, Judge.

A jury found Derrick Francois guilty of aggravated battery, possession of a firearm during the commission of a felony, and five

counts of aggravated assault with a deadly weapon. Francois appeals, challenging the admission of hearsay testimony at trial. Because any error was either harmless or not preserved for appellate review, we affirm.

Viewed favorably to the jury's verdict, the evidence shows that while waiting at a bus stop on March 15, 2007, Arthur Cofield saw Francois in a white Chevrolet Impala. The two had a history of bad blood between them, including a prior incident in which "weapons were drawn." Francois looked at Cofield, then the Impala left the area. Ten minutes later, Cofield boarded a bus to the College Park MARTA station.

When the bus reached the train station, Cofield noticed the white Impala pull into the bus area. He got off the bus and saw Francois standing nearby with a gun. Cofield ran into the station as Francois began shooting at him. Cofield quickly boarded a MARTA train and called the police.

Back at the train station, four people were struck by bullets. Bystanders reported that a black male with dreadlocks emerged from a white Impala, fired several times into a crowd of people getting off a bus, then returned to the Impala, which sped away. Based on the reports from Cofield and other witnesses, the police prepared a photographic lineup that included Francois's picture. Cofield identified Francois as the shooter in the lineup and at trial. Two other individuals who witnessed the incident also identified Francois as the gunman at trial.

The jury found Francois guilty of multiple crimes arising out of the March 15, 2007 shooting. On appeal, Francois does not challenge the sufficiency of the evidence supporting his convictions. He instead argues that the trial court erred in admitting hearsay evidence at trial. We find no reversible error.

1. To support his claim on appeal, Francois points to the testimony of two officers who investigated the shooting. The State asked one officer whether, during the course of his investigation, any witnesses connected Francois to a white Impala. Francois objected on hearsay grounds, but the officer was allowed to testify that two individuals who did not appear at trial — Latoya Smith and Nykesa Burley — "put Francois in a white Impala, driving it and getting a ride in that same Impala."

The State also asked another officer whether his investigation revealed that Francois was driving a white Impala. Francois again objected on hearsay grounds, and that objection was sustained, although the officer responded "yes" before the court ruled. The State then asked the second officer if he had interviewed Latoya Smith. When Francois objected, the court noted that "there is nothing objectionable about that question." After the officer stated

that he had spoken with Smith, the State inquired: "Did your investigation reveal whether or not [Francois] was looking for [Cofield]?" Francois did not object to this question, and the officer responded, "Correct."

(a) Francois first claims that the trial court improperly allowed the officers to link him to the white Impala through the hearsay statements of Smith and Burley. Even if the trial court erred in admitting the officers' testimony, however, reversal is not required. As explained by our Supreme Court, "[t]he erroneous admission of hearsay testimony is not reversible error where the hearsay is cumulative of legally admissible evidence of the same fact." *Belmar v. State*, 279 Ga. 795, 797 (2) (621 SE2d 441) (2005); see also *Wiggins v. State*, 280 Ga. 627, 630 (2) (b) (632 SE2d 80) (2006) (admission of hearsay is harmless when it is cumulative of admissible evidence). And in this case, other evidence connected Francois to the car.

Cofield testified that he saw Francois in a white Impala on March 15, 2007, and the Impala later appeared at the College Park MARTA station. Several other witnesses saw the shooter emerge from a white Impala, and two individuals identified Francois as the gunman. Although Francois challenges the credibility of these witnesses and argues that the State's evidence against him was tenuous, the objected-to testimony was cumulative. See *Belmar*, supra; *Wiggins*, supra.

Moreover, the record shows that Francois called the second officer as a witness at trial. Before the State asked the officer the questions at issue here, defense counsel inquired on direct examination whether a white Impala was registered to Francois. The officer responded: "No, I never did run across any information with him having one registered. But, going through my investigation, I interviewed two people that put him in a white Impala." Francois did not object to this testimony. The jury thus heard — without any complaint from Francois — essentially the same testimony that he is now challenging on appeal. We therefore hold that admission of the objected-to testimony did not harm Francois and does not require reversal. See *Hughes v. State*, 290 Ga. App. 475, 478 (2) (659 SE2d 844) (2008) ("[E]ven if counsel timely objects to certain testimony, its admission is not error where substantially the same evidence is subsequently admitted without objection.") (punctuation omitted).

(b) Francois also argues that the State impermissibly used the second officer's hearsay testimony to establish that Francois was "looking" for Cofield before the shooting. Francois, however, did not object to this testimony. Although he objected to other questions, he raised no complaint when the State asked whether the officer's investigation revealed that Francois was looking for Cofield. Accordingly, this argument has been waived for purposes of appeal. See

*Hughes,* supra.

2. Alternatively, Francois contends that admission of the officers' hearsay testimony violated his Sixth Amendment right to confrontation, requiring reversal under *Crawford v. Washington,* 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). Francois failed to preserve this claim of error for review. He objected to some of the officers' testimony on hearsay grounds. But he did not raise a confrontation clause objection or claim that the evidence was inadmissible under *Crawford.* All of his arguments — including his statement at one point that "[t]he witness isn't here" — related to hearsay.

"There is a distinct difference" between a confrontation clause objection and an objection based on hearsay. *Treadwell v. State,* 285 Ga. 736, 739 (1) (a) (684 SE2d 244) (2009). One does not preserve the other. See id.; *Walton v. State,* 278 Ga. 432, 434 (1) (603 SE2d 263) (2004). Accordingly, because Francois did not object to the officers' testimony on confrontation clause grounds, we cannot consider his confrontation clause argument on appeal. See *Treadwell,* supra.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 2, 2011 —
RECONSIDERATION DISMISSED MAY 27, 2011.

*Long D. Vo,* for appellant.

*Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Christopher M. Quinn, Peggy R. Katz, Assistant District Attorneys,* for appellee.