A11A1428. CAMPBELL v. THE STATE.
(717 SE2d 494)

MILLER, Presiding Judge.

Following a jury trial, Alton Sinclair Campbell was convicted of criminal attempt to commit murder (OCGA §§ 16-4-1; 16-5-1), aggravated assault with intent to rob (OCGA § 16-5-21 (a) (1)), possession of a firearm during commission of a felony (OCGA § 16-11-106), and possession of a firearm by a convicted felon (OCGA § 16-11-131).[1] On appeal, Campbell claims that the evidence was insufficient to prove that he intended to commit murder.[2] We conclude that any rational trier of fact could have found the elements of criminal attempt to commit murder beyond a reasonable doubt, and affirm.

On appeal, we construe the evidence favorably to the jury's verdict. *Graves v. State*, 280 Ga. App. 420 (634 SE2d 186) (2006). "We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find [Campbell] guilty beyond a reasonable doubt." *Hughes v. State*, 290 Ga.

---

[1] Campbell was also found guilty of aggravated battery (OCGA § 16-5-24), aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)), and an additional count of possession of a firearm during commission of a felony. For purposes of sentencing, the trial court merged the aggravated battery and aggravated assault with a deadly weapon into the offense of criminal attempt to commit murder; and it merged the second count of possession of a firearm during commission of a felony into the first count of possession of a firearm during commission of a felony.

[2] Campbell also claims that with respect to the aggravated battery offense, the State failed to prove the essential element of serious disfigurement. As previously noted in footnote 1, the trial court merged this count into the offense of criminal attempt to commit murder. "We need not consider an enumeration of error which addresses the sufficiency of the evidence to convict on a count on which the trial court failed to enter judgment." (Citation and punctuation omitted.) *Nelson v. State*, 277 Ga. App. 92, 96 (1) (b) (625 SE2d 465) (2005).

App. 475 (1) (659 SE2d 844) (2008). So viewed, the evidence shows that Campbell walked into a convenience store and pointed his handgun at the clerk's face. The clerk's initial response was to laugh. Campbell said "it is real," and fired the gun twice. One shot hit the clerk in the upper chest.

An eyewitness described the following:

Q. . . . So [Campbell] puts the gun in the man's face. And you said that the man kind of moved the gun away?
A. And said it was fake.

. . .

Q. So in response to that, what did [Campbell] do?
A. [He] [s]aid, yes, it is real, he was going to shoot him.
Q. Okay. And you said he fired, or you heard it click how many times?
A. Two.
Q. It clicked twice without the big loud boom from a gunshot?
A. Yes.
Q. How many gunshots did you hear?
A. I heard two after I left the store.

Criminal attempt results "when, with intent to commit a specific crime, [a person] performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. "A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." OCGA § 16-5-1. Malice is express where a "deliberate intention unlawfully to take the life of another human being . . . is manifested by external circumstances capable of proof." OCGA § 16-5-1 (b). Malice is implied "where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." Id.

Campbell argues that the evidence merely showed that he entered the store to commit a robbery and that the shooting occurred as a result of the actions of the victim in reaching for Campbell's weapon. It follows, Campbell maintains, that the evidence was insufficient to show that he acted with intent to cause the victim's death. We disagree.

As recounted above, a witness's testimony indicated that Campbell did not shoot the victim contemporaneously with the victim's motion toward the weapon, but that Campbell kept "click[ing]" the weapon until it finally discharged a bullet into the victim's body. That Campbell had only an intent to rob is inconsistent with

evidence of Campbell's response to the victim's belief that the weapon was fake — that is, Campbell responded that "it is real" and proved the point by gunning the victim down. Further, Campbell shot at the clerk — twice — at close range, inflicting a grievous wound. See OCGA § 16-2-6 (trier of fact may find criminal intent "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted"); *Thomas v. State*, 226 Ga. App. 441, 445 (8) (487 SE2d 75) (1997) (crime of attempted murder supported by evidence that defendant and accomplices fired multiple shots in direction of police officer); *Kelley v. State*, 201 Ga. App. 343, 344 (1) (411 SE2d 276) (1991) (defendant convicted of attempted murder upon evidence that, while intruding in victim's home, defendant blocked the exit, threw the victim against the wall, held a knife to her throat, told her not to scream, and then began stabbing the victim when she screamed). Any rational trier of fact could have found beyond a reasonable doubt that Campbell was guilty of criminal attempt to commit murder. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED OCTOBER 4, 2011.

*Anthony S. Carter*, for appellant.
*Layla H. Zon, District Attorney, Anne M. Kurtz, Assistant District Attorney*, for appellee.