## A11A1108. WILLIAMS v. THE STATE.
### (717 SE2d 532)

MILLER, Presiding Judge.

Following a jury trial, Larry Zigmond Williams was convicted of terroristic threats (OCGA § 16-11-37 (a)), use of a hoax device (OCGA § 16-7-85 (a)), and four counts of armed robbery (OCGA § 16-8-41 (a)).[1] Williams claims on appeal that the evidence was insufficient to support his convictions, that the trial court erred in giving a jury charge on party to a crime, and that he received ineffective assistance of trial counsel. We affirm because any rational trier of fact could have found beyond a reasonable doubt that Williams was guilty of the offenses for which he was convicted, because slight evidence supported the charge on party to a crime, and because defense counsel's performance was not deficient.

On appeal, we construe the evidence favorably to the jury's verdict. *Graves v. State*, 280 Ga. App. 420 (634 SE2d 186) (2006). "We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find [Williams] guilty beyond a reasonable doubt." (Citation omitted.) *Hughes v. State*, 290 Ga. App. 475 (1) (659 SE2d 844) (2008). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*,

---

[1] The jury found Williams not guilty of four counts of possession of a firearm during commission of a crime (OCGA § 16-11-106 (b)).

273 Ga. 831, 832 (546 SE2d 524) (2001). If, as here, evidence of identity is entirely circumstantial, "such evidence must be so strong as to exclude every other reasonable hypothesis save that of the guilt of the accused." (Punctuation and footnote omitted.) *Hart v. State*, 305 Ga. App. 259, 262 (1) (a) (699 SE2d 445) (2010).

So viewed, the evidence shows that shortly before noon, Williams, described as a man wearing a mask, black gloves, safety goggles, overalls, a jacket, and a blue fisherman's hat, walked into a Cobb County bank. The bank manager was standing at a kiosk greeting customers. Williams handed the manager a beer box, informed her that it was a bomb, and demanded, "Give me the Goddamn money. You've got a minute and twenty to get out of here." Investigators later determined that the purported bomb, which contained a butane cylinder and a clock, had no power unit and could not have caused an explosion.

Williams went to the teller line and demanded money. He threw pillowcases to three tellers and told them to "fill it up." A fourth teller, who was working the drive-through window, also took money from her drawer and put it into a pillowcase. One of the tellers was so scared that she initially put a pillowcase over her head. As the tellers filled the pillowcases with cash, Williams waved around another pillowcase with one hand as if there was a gun inside.

After retrieving the filled pillowcases, Williams tried to leave through the front door, which the manager had locked to prevent customers from entering the bank. According to the testimony of the manager, as corroborated by one of the tellers, Williams demanded that the manager "[o]pen the door before I shoot your ass." She opened the door, and Williams exited the bank.

Shortly after the robbery, police received a description of Williams, who was reported to have been last seen driving a dark-green or dark-colored Cadillac. An officer spotted a vehicle matching that description and gave chase. The Cadillac crashed, and the driver, Williams, ran away on foot but was apprehended by the officer. Officers at the site of the crash discovered a pillowcase containing approximately $3,100 in loose cash. In a later search of the Cadillac, they discovered Williams's driver's license, a dark glove, two pillowcases containing approximately $28,000 in United States currency, and a handgun.

Williams was charged with committing four counts of armed robbery by taking money from each of the four tellers by use of an article having the appearance of an offensive weapon. He was also charged with committing terroristic threats by threatening to commit the violent crime of aggravated assault on the manager, with the purpose of terrorizing another in reckless disregard of the risk of causing such terror. He was also charged with the offense of hoax

device by possessing a hoax destructive device with the intent to cause the bank manager to believe that the hoax device was a destructive device.

1. Williams argues that no rational trier of fact could have found him guilty beyond a reasonable doubt of the offenses for which he was convicted. We disagree.

Williams correctly shows that none of the victims were able to identify him as the masked man who robbed the bank, and he points to alleged inconsistencies in the evidence tending to show that he was not the perpetrator, particularly testimony that he was not apprehended wearing clothes that matched the description given by the victims and that several witnesses saw the suspect get into a yellow Cobalt vehicle. According to an interviewing officer, however, other witnesses saw the suspect get into a green Cadillac. Williams subsequently fled from the police in his green Cadillac while in possession of the proceeds of the robbery, which included the pillowcases full of cash. Although Williams was apprehended while wearing clothing that did not match that described by the victims, an officer familiar with the habits of bank robbers testified that they like to wear multi-layer clothing and then shed clothes after the crime. "[R]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." (Citation omitted.) *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000). Although circumstantial, the evidence authorized the jury to exclude every reasonable hypothesis other than that Williams was the masked individual who entered the bank and engaged in the acts that constituted terroristic threats, armed robbery, and use of a hoax device. See *Hart*, supra, 305 Ga. App. at 262 (1) (a) (circumstantial evidence "need not exclude every conceivable inference or hypothesis — only those that are reasonable") (punctuation, footnote and emphasis omitted); *Jackson v. State*, 217 Ga. App. 485, 487 (1) (458 SE2d 153) (1995) (circumstantial evidence including unexplained possession and concealment of recently stolen goods was sufficient to exclude any reasonable hypothesis save that of guilt). Accordingly, we find that any rational trier of fact could find Williams guilty beyond a reasonable doubt of terroristic threats, use of a hoax device, and four counts of armed robbery.

2. The trial court charged the jury on the law of party to a crime over Williams' objection.[2] Williams argues on appeal, consistent with the grounds of his objection below, that the evidence did not support

---

[2] The trial court charged the jury, among other things, that "[e]very party to a crime may be charged with and convicted of commission of the crime. A . . . person is a party to the crime only if that person directly commits the crime or intentionally helps in the commission of the crime." See OCGA §§ 16-2-20, 16-2-21.

the charge. We disagree.

"To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citation and punctuation omitted.) *Robison v. State*, 277 Ga. App. 133, 135 (2) (625 SE2d 533) (2006). "[E]ven slight evidence will justify a charge although the great preponderance of evidence tends to show the nonexistence of such fact." (Citation omitted.) *Heard v. State*, 149 Ga. App. 92, 93 (2) (253 SE2d 454) (1979). In this case, several witnesses claimed to have seen the robber leave in a yellow Cobalt. Other witnesses said the perpetrator got into a green Cadillac. Given the evidence, it is possible that Williams acted with an accomplice who fled the scene in a yellow Cobalt, while Williams took possession of the pillowcases and fled the scene in the green Cadillac. "Thus, there was slight evidence to justify the charge as to parties to the crime . . . as two or more persons could have been involved." (Citations omitted.) *Barnes v. State*, 164 Ga. App. 631 (1) (298 SE2d 311) (1982).

3. Lastly, Williams claims that he received ineffective assistance of counsel when his defense counsel failed to object to the authentication of the bank video that depicted the robbery. Again, we disagree.

> [T]he burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

(Citation omitted.) *Grimes v. State*, 291 Ga. App. 585, 589 (2) (662 SE2d 346) (2008). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

In a pre-trial discussion, the trial court asked defense counsel whether the unavailability of the "IT guy" who compiled the videotape would be an issue at trial. Immediately before this discussion, defense counsel had been with one of the tellers as she viewed the surveillance video. Defense counsel indicated to the trial court that there would be no issue with the absence of the "IT guy," inasmuch as the teller had authenticated the video as a true and accurate description of what had occurred. The State subsequently laid a foundation for admission of the video at trial, eliciting testimony from the bank manager that the video was an accurate

reflection of what she had seen as an eyewitness, and that there were no changes, deletions, additions, or modifications. The video was then admitted without objection.

Williams does not show that an objection to the authentication of the surveillance tape would have been sustained. See *Ross v. State*, 262 Ga. App. 323, 326-327 (4) (585 SE2d 666) (2003) ("A videotape is admissible where the operator of the machine which produced it or one who personally witnessed the events recorded testifies that the videotape accurately portrayed what the witness saw take place at the time the events occurred.") (Citation and punctuation omitted.) Defense counsel was not deficient in failing to raise a meritless objection. See *Wesley v. State*, 286 Ga. 355, 356 (3) (a) (689 SE2d 280) (2010) (failure to make a meritless objection cannot be evidence of ineffective assistance). Moreover, Williams has not shown a reasonable possibility that allowing the tape to be viewed by the jury changed the outcome of the trial. Defense counsel testified in the hearing on motion for new trial that "[t]he person was completely covered. . . . So the video would show what it showed but it didn't help in any way in pointing towards Mr. Williams." We find no error in the trial court's failure to find ineffective assistance.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED OCTOBER 13, 2011.

*Angela Moore-Brown*, for appellant.
*Patrick H. Head, District Attorney, Marion T. Woodward, Anna G. Cross, Assistant District Attorneys*, for appellee.