**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**April 29, 2020**

# In the Court of Appeals of Georgia

A18A0324. MCCLURE v. THE STATE.

RICKMAN, Judge.

This case is here on remand from the Supreme Court of Georgia. Carlos Richard McClure was tried by a jury and convicted on two counts of aggravated assault. On appeal, inter alia, McClure contended that the trial court erred by failing to instruct the jury on the affirmative defenses of justification in the defense of self and justification in the defense of habitation. In *McClure v. State*, 347 Ga. App. 68, 70-71 (2) (815 SE2d 313) (2018), this Court held that McClure was not entitled to any instruction on the affirmative defenses of justification because he failed to admit to the elements of aggravated assault as charged.

The Supreme Court of Georgia vacated our judgment, holding that

a criminal defendant need not "admit" anything, in the sense of acknowledging that any facts alleged in the indictment or accusation are true. Rather, in asserting an affirmative defense, a defendant may accept certain facts as true for the sake of argument, and the defendant may do so for the limited purpose of raising the specific affirmative defense at issue.

*McClure v. State*, 306 Ga. 856, 864 (1) (834 SE2d 96) (2019). On remand, we are to determine "whether the trial court erred in failing to give the requested instructions regarding the affirmative defenses of justification, that is, whether the theory of the instructions was supported by at least slight evidence, and, if so, whether any such instructional error was harmful." Id. at 864 (2).

Viewed in the light most favorable to the verdict,[1] the evidence showed that

on the night of April 2, 2015, the two victims drove to McClure's residence to pick up a friend who was unable to drive herself. When they arrived, the male victim parked his car on the sidewalk in front of McClure's residence. The friend was arguing with McClure outside, and when she got in the victims' car, she was upset.

After the friend got in the car, the female victim observed McClure disappear and then come back carrying something. It was dark outside, but the female victim told the male victim that she thought McClure was

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

carrying a long gun similar to something used for hunting. McClure pointed the barrel of the gun toward the victims. Once the male victim saw the barrel of the gun pointed toward him, he decided to leave.

The victims called 911 and met at a nearby food store with a corporal with the City of Griffin police department. The corporal went to McClure's residence to speak with him. McClure told the corporal that he did not point a gun at anyone. McClure granted permission for the corporal to enter his residence and showed the corporal a gun. The corporal's initial impression of the weapon was that it was a small caliber rifle, but, upon closer inspection, he realized that it was actually a BB gun.

At trial, McClure testified that, during the incident, he grabbed the BB gun to use as a club because the friend threatened to have the male victim "get [McClure]."

*McClure*, 347 Ga. App. at 68-69.

1. Our first inquiry is whether slight evidence supported McClure's requested jury instructions.

(a) Justification in the defense of habitation.

Pursuant to OCGA § 16-3-23, "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry

3

into or attack upon a habitation." "Habitation" is defined as "any dwelling, motor vehicle, or place of business[.]" OCGA § 16-3-24.1 The defense of habitation is not available where there is no evidence that the victim was attempting to enter or attack a habitation at the time he was assaulted. See *Wike v. State*, 262 Ga. App. 444, 444 (585 SE2d 742) (2003).

Here, although the victims were parked outside of McClure's house, the record is devoid of any evidence that the victims directed any threats towards McClure's house or attempted to enter or attack his house in any way. Accordingly, the trial court did not err by failing to instruct the jury on defense of habitation. See *Mays v. State*, 317 Ga. App. 24, 26 (1) (730 SE2d 651) (2012); *Wike*, 262 Ga. App. at 444.

(b) Justification in the defense of self.

OCGA § 16-3-21 (a) provides, in pertinent part, that "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force[.]" "To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citation and punctuation

4

omitted.) *Williams v. State*, 312 Ga. App. 22, 25 (2) (717 SE2d 532) (2011). "Even slight evidence will justify a charge although the great preponderance of evidence tends to show the nonexistence of such fact." (Citation and punctuation omitted.) Id.

In this case, McClure testified that after getting into an argument with his friend, the victims arrived and his friend threatened to have the male victim "get [McClure]." It was dark and McClure was unsure of the amount of people in the vehicle. McClure observed one of the victims exit the vehicle, and he testified that he "didn't know what was going on and whether people were jumping out or what." McClure further testified that he went inside to get his BB gun because he was in fear and he thought the victims were going to hurt him "after what [his friend] said." Accordingly, under the facts and circumstances of this case we find that slight evidence existed to justify a charge on justification in the defense of self. See *Henry v. State*, 307 Ga. 140, 145 (2) (b) (834 SE2d 861) (2019); *Koritta v. State*, 263 Ga. 703, 704-705 (438 SE2d 68) (1994); *Hodges v. State*, 319 Ga. App. 657, 660 (3) (738 SE2d 111) (2013).

2. Because we have determined that the trial court erred by failing to instruct the jury on justification in the defense of self, we must now decide if that instructional error was harmful.

5

"The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict." (Citation and punctuation omitted.) *Henry*, 307 Ga. at 146 (2) (c). "And in determining whether such an error is harmless, we assess the evidence from the viewpoint of reasonable jurors, not in the light most favorable to the verdicts." Id.

We cannot say that it is highly probable that the failure to give the requested charges did not contribute to the verdict. The evidence against McClure was not overwhelming, and he "laid out his theory of the case – including justification – during opening statement but then was refused [the] jury instruction [] on [that] point []." *Henry*, 307 Ga. at 146 (2) (c). "The trial court's refusal to give [this] requested instruction [] deprived the jury of the necessary tools to evaluate the charges against [McClure] and to reach a verdict; jury instructions are the lamp to guide the jury's feet in journeying through the testimony in search of a legal verdict." (Citation and punctuation omitted.) Id. Accordingly, we reverse McClure's convictions, and the case

is remanded for a new trial. See Id.; *Lewis v. State*, 292 Ga. App. 257, 265 (2) (663 SE2d 257) (2008).

*Judgment reversed; case remanded. Markle, J., concurs and McFadden, C. J., concurs specially.* *

*\* THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).*

# In the Court of Appeals of Georgia

A18A0324. McCLURE v. THE STATE.

MCFADDEN, Chief Judge, concurring specially.

I agree that McClure's convictions must be reversed and that the case must be remanded to the trial court for a new trial. But I write specially because I do not entirely agree with the majority's analysis or its conclusion.

McClure was entitled to instruction on his affirmative defenses if slight evidence supported them. *McClure v. State*, 306 Ga. 856, 864 (2) (834 SE2d 96) (2019). Such

1

evidence "need only be enough to enable the trier of fact to carry on a legitimate process of reasoning." *Koritta v. State*, 263 Ga. 703, 705 (438 SE2d 68) (1994). In assessing whether slight evidence existed here, we must construe the trial evidence in the light most favorable to McClure, see *Gillespie v. State*, 236 Ga. 845, 846 (225 SE2d 296) (1976) — not under the sufficiency standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the trial evidence entitled McClure to jury instructions on *both* of his requested affirmative defenses — not only, as the majority correctly holds, on defense of self, but also on defense of habitation. So I concur fully only in Division 1 (a), that the trial court erred in failing to charge the jury on defense of self, and Division 2, that this was a harmful error requiring reversal.

Under the statutory affirmative defense of defense of habitation, a "person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon a habitation[.]" OCGA § 16-3-23.

Viewed under the applicable standard, that is in the light most favorable to McClure, the evidence showed that, as McClure was having an argument with a friend in his front yard, the victims pulled their vehicle into McClure's yard — onto his

2

property. McClure's friend then told McClure that she was going to have one of them "get" McClure. This scared McClure, who did not know what the people in the vehicle were going to do. McClure went back inside his house, from which he saw that the people had not left but "kept sitting there" in their vehicle in his yard. McClure went back outside carrying, but not aiming, a BB gun and told them to "get off his property."

"Critical to the application of the defense of habitation is the moment in time at which the defendant resorts to [threat or use of] force and the act being performed by the victim at that moment." *Coleman v. State*, 286 Ga. 291, 298 (6) (687 SE2d 427) (2009). If the victim's attack on or entry into the habitation has already ended, the defendant cannot claim defense of habitation as the reason for a subsequent threat or use of force. See *Wike v. State*, 262 Ga. App. 444, 445 (585 SE2d 742) (2003) (defendant not entitled to charge on defense of habitation because victim's attack on defendant's vehicle had ended before defendant struck victim). Likewise, if the victim was already in the habitation with the defendant's permission, the defendant cannot claim the defense. See *Harris v. State*, 339 Ga. App. 30, 37 (2) (793 SE2d 417) (2016) (defendant not entitled to charge on defense of habitation where victim had been invited into house and never left). The line of cases saying that defense of habitation

is available only if there is evidence that the victim was "attempting to enter or attack a habitation," see, e.g., *Wike*, supra, generally involves facts such as those.

This case presents a very different set of facts. There is evidence that would authorize a jury to find that, at the moment when McClure resorted to a threat of violence — walking out of his house with the BB gun — he had reason to believe a possible attack on or attempted entry into his house was immediately forthcoming. Even though the victims had not yet acted, they had threatened to "get" McClure and had remained on his property after he had retreated into his house. I have found no decisions applying the attempting-to-enter-or-attack requirement to preclude a defendant's use of defense of habitation in this particular type of circumstance, which in my view falls squarely within the plain language of OCGA § 16-3-23. Because the existing case law is not factually on point, it should not be understood to read the word "prevent" out of that Code section where, as here, there is a fact question about whether a defendant reasonably believed that force was necessary to "prevent" a possible forthcoming "unlawful entry into or attack upon a habitation." See OCGA § 16-3-23.

4