308 Ga. 791
FINAL COPY

S20A0457.  JOHNSON v. WILLIAMS.

BETHEL, Justice.

Appellant, Warden Glen Johnson, challenges the habeas court's order setting aside Larry Williams' convictions for four counts of armed robbery, one count of terroristic threats, and one count of using a hoax device. In its order granting habeas relief, the court determined that Williams received ineffective assistance when his appellate counsel failed to allege ineffective assistance of trial counsel (1) during the plea bargaining process and (2) in failing to object to improper character evidence.  Having reviewed the record, we conclude that the habeas court erred.  We therefore reverse the habeas court's order.

1. In Williams' direct appeal, the Court of Appeals summarized the evidence presented at his trial in 2009:

> [Viewed in the light most favorable to the jury's verdicts], the evidence shows that shortly before noon, Williams, described as a man wearing a mask, black

gloves, safety goggles, overalls, a jacket, and a blue fisherman's hat, walked into a Cobb County bank. The bank manager was standing at a kiosk greeting customers. Williams handed the manager a beer box, informed her that it was a bomb, and demanded, "Give me the [G*****n] money. You've got a minute and twenty to get out of here." Investigators later determined that the purported bomb, which contained a butane cylinder and a clock, had no power unit and could not have caused an explosion.

Williams went to the teller line and demanded money. He threw pillowcases to three tellers and told them to "fill it up." A fourth teller, who was working the drive-through window, also took money from her drawer and put it into a pillowcase. One of the tellers was so scared that she initially put a pillowcase over her head. As the tellers filled the pillowcases with cash, Williams waved around another pillowcase with one hand as if there was a gun inside.

After retrieving the filled pillowcases, Williams tried to leave through the front door, which the manager had locked to prevent customers from entering the bank. According to the testimony of the manager, as corroborated by one of the tellers, Williams demanded that the manager "[o]pen the door before I shoot your [a**]." She opened the door, and Williams exited the bank.

Shortly after the robbery, police received a description of Williams, who was reported to have been last seen driving a dark-green or dark-colored Cadillac. An officer spotted a vehicle matching that description and gave chase. The Cadillac crashed, and the driver, Williams, ran away on foot but was apprehended by the officer. Officers at the site of the crash discovered a pillowcase containing approximately $1,300 in loose cash.

In a later search of the Cadillac, they discovered Williams' driver's license, a dark glove, two pillowcases containing approximately $28,000 in United States currency, and a handgun.

*Williams v. State*, 312 Ga. App. 22, 23 (717 SE2d 532) (2011).

The jury found Williams guilty of four counts of armed robbery, one count of terroristic threats, and one count of using a hoax device. The trial court sentenced Williams as a recidivist under OCGA § 17-10-7 (b) (2) to life without parole on each count of armed robbery, to run concurrently, and five years each for terroristic threats and use of a hoax device, to run consecutive to each other and to the sentences for armed robbery.

Williams filed a direct appeal, asserting insufficiency of the evidence, ineffective assistance of trial counsel based on trial counsel's failure to object to the authentication of the bank surveillance video, and trial court error in giving a jury charge on party to a crime. *Williams*, 312 Ga. App. at 22-23. The Court of Appeals affirmed his convictions. See id.

In 2012, Williams filed a pro se petition for a writ of habeas

corpus, which was amended by counsel three years later. Among other things, he claimed that his trial counsel provided ineffective assistance (1) by not informing him about a likely jury charge during the plea bargaining process and (2) by failing to object to bad character evidence. He also claimed that his appellate counsel provided ineffective assistance by not asserting those claims on appeal. The habeas court held a hearing in June 2016 and, two years later, entered an order granting habeas relief and setting aside Williams' convictions and sentences. The habeas court determined that Williams' trial counsel performed deficiently during the plea bargaining process and in failing to object to bad character evidence, which prejudiced Williams in light of the other evidence against him that was "less than overwhelming." The habeas court further determined that Williams' appellate counsel had provided ineffective assistance by failing to raise these two claims in Williams' direct appeal from his convictions.

As to Williams' first claim, the record does not reflect the details of any plea bargaining. At the end of the trial, the trial court

indicated that it had given both Williams and the State "an opportunity to have a negotiated plea some weeks ago," but that "there was no negotiated plea" in the case.

During the charge conference at Williams' trial, the State asked the trial court to instruct the jury on recent possession of stolen goods from a robbery.[1] Trial counsel objected to this charge, but the court overruled the objection, stated that it knew trial counsel and expected that trial counsel was glad to see that the State had not initially included the charge in its requests to charge, and that trial counsel should have expected that this would be one of the charges that the State would ask for or that the trial court would give on its own. The habeas court relied on this statement in finding that trial counsel "did know or should have known this charge would be given." The habeas court also found that trial counsel did not discuss this charge with Williams, but that trial counsel should have

---

[1] The charge the trial court gave to the jury was that if certain property was stolen, "and, if recently thereafter, the defendant should be found in possession of the stolen property, that would be a circumstance, along with all the other evidence, from which you may infer guilt as to the charge of armed robbery . . . ."

done so.

The habeas court further based its finding of ineffective assistance on Williams' statements to the trial court during the charge conference. When the trial court asked Williams if he had any concerns he wished to express to the court regarding his case or representation, Williams responded:

> The only thing that I could see . . . mounting is the fact that had I known it would have been in the indictment, that charge that you are going to give to the jury as far as being in possession of properties that were received or stolen, had that been — I mean, we might not even have been here today. Do you understand? Because that right there, I knew coming in here that these properties was in my vehicle, but I'm not saying it was me because I know it wasn't me — you know what I'm saying? — who did the crime and placed the things into my car.
> But what I'm saying is if I had known that this charge would have been read to the jury, how would anybody go to trial knowing that this right here is what is going to nail the coffin — places the nail in the coffin.

The habeas court relied on these statements in finding that "had [Williams] known the law on this issue, he would have not gone to trial but would have pled guilty," and that "there is a reasonable probability the Court of Appeals would have remanded the case to

the trial court for the imposition of the plea bargain" if Williams' appellate counsel had raised the issue.

As to Williams' second claim, Williams points to testimony at trial from the officer who pursued and apprehended Williams after spotting Williams driving a car matching the one in the robbery "be on the lookout" announcement. That officer testified about his years of experience and stated that bank robbers generally like to wear layers that they can discard for disguise. When asked whether the officer knew "for a fact where [the bank robber] drove after he left the bank," the officer responded:

> No. He could've done numerous turns to throw us off and gone in different directions, because wherever the last —anybody at the bank is going to call it in as soon as the robbery — if you are a robber, they all do the same thing. When they pull out, unless they are brand new at it, they are going to go one way and then go down the road and change their direction.

Trial counsel objected to this testimony as speculation, but not as bad character evidence. The trial court sustained the objection.

The habeas court determined that because the evidence presented against Williams at trial was not strong, and the only

witness identifying Williams was this officer who did not see Williams commit the robbery, the testimony insinuated that Williams was a repeat offender and was harmful. The habeas court went on to find that had the issue been raised on appeal, there was a reasonable probability that Williams would have been granted a new trial, asserting that, under former OCGA § 24-9-20 (b),[2] bad character evidence was disallowed against a defendant unless the defendant testified, and Williams did not do so. For these reasons, the habeas court granted Williams' petition for a writ of habeas corpus on the basis of both claims of ineffective assistance of appellate counsel.

2. On appeal, this Court adopts a habeas court's findings of fact unless they are clearly erroneous, but applies the facts to the law de novo in determining whether counsel's performance was deficient and whether any purported deficiency was prejudicial. See *Humphrey v. Morrow*, 289 Ga. 864, 866 (II) (717 SE2d 168) (2011).

---

[2] Although this statute was repealed by the enactment of the new Evidence Code, which became effective on January 1, 2013, Williams' trial was held in 2009.

See also *Griffin v. Terry*, 291 Ga. 326, 328 (2) (729 SE2d 334) (2012) ("The habeas court's determination as to counsel's alleged ineffectiveness must be affirmed unless the habeas court's findings of fact are clearly erroneous or are legally insufficient to establish that counsel was ineffective.").

In order to prevail on a claim of ineffective assistance of appellate counsel, the party asserting the claim must demonstrate both deficient performance of counsel and prejudice as a result of it.

> Where the issue is the ineffective assistance of appellate counsel, the showing of prejudice calls for a demonstration that a reasonable probability exists that, but for the appellate counsel's deficient performance, the outcome of the appeal would have been different. Consequently, where the alleged ineffective assistance of appellate counsel is premised upon the failure to raise ineffective assistance of trial counsel on direct appeal, two layers of fact and law are involved in the analysis of the habeas court's decision.

(Citations and emphasis omitted.) *Gramiak v. Beasley*, 304 Ga. 512, 513 (I) (820 SE2d 50) (2018). Thus, a reviewing court must determine both that appellate counsel's failure to raise trial counsel's ineffectiveness on appeal was deficient, and that

had the ineffective assistance of trial counsel been raised on direct appeal, a reasonable probability exists that the outcome of the appeal would have been different. This, in turn, requires a finding that trial counsel provided deficient representation and that defendant was prejudiced by it.

See id. That is, a habeas petitioner "must demonstrate that the underlying ineffectiveness-of-trial-counsel claim would have had a reasonable probability of success." (Citation and punctuation omitted.) *Luckie v. Berry*, 305 Ga. 684, 691 (2) (827 SE2d 644) (2019). "This burden, though not impossible to carry, is a heavy one." (Citation and punctuation omitted.) Id. at 692 (2).

(a) The Warden first argues that the habeas court erred when it determined that appellate counsel rendered ineffective assistance when he failed to allege that trial counsel provided ineffective assistance during the plea bargaining process. For the reasons set forth below, we agree.

In a claim of ineffective assistance raised in the context of plea bargaining, Williams must show that "the outcome of the plea process would have been different with competent advice." *Lafler v.*

*Cooper*, 566 U. S. 156, 163 (II) (B) (132 SCt 1376, 182 LE2d 398)

(2012). More specifically, to meet the prejudice prong of *Strickland*

*v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984),

Williams must make three showings:

> [(1)] that but for the ineffective advice of counsel there is
> a reasonable probability that the plea offer would have
> been presented to the court (i.e., that the defendant would
> have accepted the plea and the prosecution would not
> have withdrawn it in light of intervening circumstances),
> [(2)] that the trial court would have accepted its terms,
> and [(3)] that the conviction or sentence, or both, under
> the offer's terms would have been less severe than under
> the judgment and sentence that in fact were imposed.

*Gramiak*, 304 Ga. at 515 (I) (B) (punctuation omitted) (quoting

*Lafler*, 566 U. S. at 164 (II) (B)).

Williams cannot carry his burden. He has not pointed to any

evidence in the record that there was a plea offer from the prosecutor

or that such an offer would have been presented to the trial court.

Accordingly, he cannot show that the trial court would have accepted

the terms of any purported plea offer and that the conviction or

sentence, or both, under the purported offer's terms would have been

less severe than that which was imposed. Williams therefore cannot

show that the outcome of the plea process would have been more favorable to him had he received different legal advice from his trial counsel. As his underlying claim of ineffective assistance of trial counsel is without merit, so too is his claim that his appellate counsel was ineffective for failing to raise it on appeal. See *Gramiak*, 304 Ga. at 513 (I) ("[A]n attorney is not deficient for failing to raise a meritless issue on appeal.").  The habeas court therefore erred in granting Williams habeas relief on this claim.

(b)  The Warden next argues that the habeas court erred when it determined that appellate counsel rendered ineffective assistance by failing to allege that trial counsel provided ineffective assistance by failing to object to the officer's testimony on the basis that it included bad character evidence.  More specifically, the habeas court determined that trial counsel performed deficiently by failing to make a character evidence objection to the officer's testimony that bank robbers generally like to wear layers for disguise so that they can shed them easily and change direction after leaving the robbery scene to throw off pursuers. The habeas court determined that the

failure to object was harmful because the testimony insinuated that Williams was a repeat offender and the other evidence in the case was not overwhelming. The habeas court determined that, because the underlying claim of ineffective assistance of trial counsel had a reasonable probability of success had it been raised on direct appeal, Williams's appellate counsel provided ineffective assistance by failing to raise it.

Contrary to these determinations by the habeas court, Williams cannot show as a threshold matter that his trial counsel performed deficiently by failing to object to the officer's testimony on the basis that it included harmful character evidence or that such objection would have been sustained. Trial counsel objected to the officer's testimony regarding changes in direction on the basis that it was the product of speculation, which was sustained. Williams cannot carry his burden of establishing that trial counsel performed deficiently by failing to make the character evidence objection: none of the officer's testimony was about Williams' bad character; trial counsel's objection based on speculation was sustained; and nothing

indicates that a different outcome would have resulted from the character evidence objection. The habeas court therefore erred in determining that appellate counsel provided ineffective assistance by failing to raise it on appeal.

*Judgment reversed. All the Justices concur, except Ellington, J., disqualified.*

DECIDED MAY 18, 2020.
Habeas corpus. Hancock Superior Court. Before Judge George, Senior Judge.
*Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General*, for appellant.
*Zell & Zell, Rodney S. Zell*, for appellee.