A09A1925. HUGHES v. THE STATE.
(690 SE2d 898)

SMITH, Presiding Judge.

Christopher Hughes was convicted of aggravated child molestation. His second amended motion for new trial was denied in a lengthy order in which the trial court analyzed all his claims, including those of ineffective assistance of counsel. Hughes appeals, asserting error in the admission of testimony by an expert witness and claiming that his counsel was ineffective in failing to object to argument. Because we find that counsel was not ineffective in failing to object to the prosecution's closing argument and that Hughes failed to preserve his objection to the expert's testimony, we affirm.

1. Hughes first asserts that his trial counsel was ineffective in failing to object to a portion of the prosecution's closing argument. He contends that the prosecutor referred to his failure to testify, and that trial counsel should have objected to this improper argument.

In order to show ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

> To meet the first prong of the required test, the defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's

perspective at the time of trial and under the particular circumstances of the case.

(Citations and punctuation omitted.) *Adams v. State*, 283 Ga. 298, 299 (3) (658 SE2d 627) (2008).

Numerous witnesses testified at the trial — five for the prosecution and five for the defense — and the examination of witnesses and the closing arguments turned heavily on the issue of witness credibility. During closing arguments, defense counsel argued first and challenged the credibility of the child victim, pointing to inconsistencies in her earlier reports and her trial testimony and suggesting that she had a motive to lie in order to be removed from a foster home. He also challenged the credibility of the expert witnesses for the prosecution, and suggested that the jury should instead believe the testimony of the defendant's mother and two other witnesses that the child was never left alone with the defendant. Finally, defense counsel argued that he had presented the testimony of the victim's Sunday school teacher, her pre-K teacher, and a Y.M.C.A. employee that they would not believe the victim on her oath.

The prosecutor responded by referring to the inconsistencies in the testimony given by the defendant's mother, attempting to explain the inconsistencies in the victim's testimony, challenging the testimony of the witnesses that the victim was never left alone with the defendant, and suggesting that the defendant's mother had a strong motive to lie because of her position as a foster mother. After playing a portion of a videotaped interview with the victim, the prosecutor concluded her argument:

> This is a credibility case. Somebody that's been in the courtroom this week is a liar. Somebody that's in the courtroom this week is a monster. And the truth is right in front of you. The wolf in sheep's clothing is sitting over there that took advantage of [the victim's] trust and taught her the most warped version of brotherly love. When he did that he committed the offense of aggravated child molestation. Find him guilty of that and make him responsible for it.

At the hearing on the motion for new trial, Hughes's trial counsel testified that he did not recall the statement by the prosecutor, and that he was "really not sure that I remember what I was thinking at the time." While he had "the impression from reading that transcript that I would assume you were talking about the defendant, but again I can't say what was in your mind, so I don't know for sure." He acknowledged that the prosecutor did not call the

defendant a liar directly, and that he "certainly should have [objected] . . . had you said something like that."

Hughes argues that the prosecutor was referring to him as a "liar" and that because he did not testify, her "manifest intention" was to comment on his failure to testify. We disagree. "Closing arguments are judged in the context in which they are made." (Citation omitted.) *Adams*, supra, 283 Ga. at 302 (3) (e). The prosecutor made two separate statements, one regarding "somebody that's been in the courtroom" as a liar and "somebody that's in the courtroom" as a monster. In the first instance, she was referring to those who were no longer in the courtroom — i.e. the witnesses whose conflicting testimony appeared irreconcilable. In the second, she was referring to a person in the courtroom — i.e. the defendant. "The prosecutor's comments with which appellant takes issue are permissible. . . . Accordingly, counsel's failure to object to these comments during argument was not deficient performance." (Citation and punctuation omitted.) *Adams v. State*, supra, 283 Ga. at 302 (3) (e). "And the failure to make a meritless objection cannot be evidence of ineffective assistance." (Citation, punctuation and footnote omitted.) *Smalls v. State*, 251 Ga. App. 516, 519 (3) (a) (554 SE2d 273) (2001). This enumeration of error is without merit.

2. Hughes objects to a portion of the testimony of a prosecution witness, a psychologist who was qualified without objection as an expert in the field of treatment of sexually abused children. During the prosecutor's examination of the witness, she was asked, "Is it unusual for children four years of age to make up allegations of sexual abuse?" Hughes objected that this question called for speculation and went to the ultimate issue: "She can't testify as to the ultimate issue as to whether or not children lie or whether this particular child lied." The trial court responded, "Well, that's not the question. This is a general question, not about the alleged victim in this case," and overruled the objection. The witness was asked the question again, and Hughes interposed, "Just for the record, your honor, I still object to this," and his objection was again overruled. The witness testified that, based on her training and experience, it would be unusual for four-year-old children to make up such allegations, citing a study showing that less than two percent of children in the three to six-year-old range made up allegations of abuse. After a follow-up question without further objection, the prosecutor asked if, based on the witness's sessions with the victim and her training and experience, the victim had "the mental capacity to make up an allegation for any specific motive?" Again without further objection from Hughes, the witness responded that the victim did not seem to. Asked if the victim had "the sophistication necessary to make up a lie to go — to get from one home to another,"

again without objection the witness responded, "I would find that pretty farfetched."

"[E]xpert opinion testimony on an issue that goes beyond the ken of the average juror is admissible, even if it indirectly comments on the victim's credibility." (Citation and punctuation omitted.) *Mullis v. State*, 292 Ga. App. 218, 220 (3) (c) (664 SE2d 271) (2008). Such testimony may include a psychologist's evidence that a person with the victim's level of intelligence would have difficulty fabricating a detailed fictional account of abuse, that a child of the victim's age would have difficulty making up a story of abuse, or that a mentally ill victim was capable of distinguishing fact from fiction. Id. On the other hand, *Patterson v. State*, 278 Ga. App. 168 (628 SE2d 618) (2006), forbids the admission of expert testimony that the witness did not " 'feel like the victim made up the story that she told you to get back at her father,' " or that she "believed that the victim made up the allegations against Patterson 'for any reason.' " Id. at 169. In *Patterson*, this court overruled *Smith v. State*, 257 Ga. App. 88, 92 (4) (b), (5) (570 SE2d 400) (2002), a case involving ineffective assistance of counsel, which had held that expert testimony bolstering a witness's credibility could be introduced to rehabilitate a witness whose veracity has been attacked.

Here, Hughes objected only to those questions that dealt with the general "ability of children of a certain age to distinguish truth from falsity," a type of question which *Patterson* acknowledges to be proper because "the inference to be drawn from the evidence is beyond the ken of the jurors." (Citations and punctuation omitted.) *Patterson*, supra, 278 Ga. App. at 170. In fact, the trial court pointed out the distinction to Hughes. But when the examination strayed into the area of the personal ability of the victim herself to fabricate allegations, with questions arguably improper under *Patterson*, Hughes failed to object and failed to obtain permission from the trial court for a continuing objection. Hughes has thus failed to preserve this issue for review. *State v. Larocque*, 268 Ga. 352, 353-354 (489 SE2d 806) (1997); *Hughes v. State*, 290 Ga. App. 475, 478 (2) (659 SE2d 844) (2008).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED FEBRUARY 10, 2010 — ▮▮▮▮▮▮

*Summer & Summer, Daniel A. Summer*, for appellant.
*Lee Darragh, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.