**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

October 19, 2012

# In the Court of Appeals of Georgia

A12A1572. JONES v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Charles Richard Jones was convicted of rape (OCGA § 16-6-1 (a) (1)), aggravated sodomy (OCGA § 16-6-2 (a) (2)), false imprisonment (OCGA § 16-5-41 (a)), and escape (OCGA § 16-10-52 (a) (5)). Jones filed a motion for new trial, which the trial court denied. Jones appeals, contending that the trial court erred in denying his motion to sever offenses, and that the State made improper comments to the jury. Jones also contends that he received ineffective assistance of counsel. For the reasons that follow, we affirm the judgments of conviction but remand with direction that the trial court correct the scrivener's error contained in the written sentence.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. We determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt, and in doing so we neither weigh the evidence nor judge the credibility of witnesses.

(Citation omitted.) *Brown v. State*, 293 Ga. App. 633, 633-634 (667 SE2d 899) (2008).

So viewed, the evidence shows that in November 2003, the victim visited her boyfriend for the weekend and stayed at his residence. On Saturday night, November 15, 2003, the victim and her boyfriend went to a bar where they encountered Jones and stayed there for a short time. Jones and the victim's boyfriend knew each other because they had been staying at the same detention facility under a work-release program,[1] and the victim's boyfriend had hired Jones to install tile at his residence. Sometime after departing the bar that night, the victim and her boyfriend returned to his residence, and he later left to report to the detention facility.

The next morning, on November 16, 2003, the victim was alone at her boyfriend's residence when Jones knocked on the door. The victim asked Jones why

---

[1] Jones was ordered to serve four months in a work-release program beginning in September 2003 as a result of violating his probation, which was imposed after he pled guilty to felony forgery.

he was there, and Jones told the victim that he had left some tools at the residence and wanted to retrieve them. The victim allowed Jones to enter the residence and helped him search for his tools. As the victim continued her search, Jones grabbed her from behind and held something against her back. Jones ordered the victim to remove her clothes and lie on a bed so that she would not flee. Jones then went over to the bed, straddled the victim, and forced her to perform oral sex on him. Jones then got on top of the victim and forced her to have sexual intercourse. Jones left the residence, but failed to return to the detention facility as scheduled.

The victim called her boyfriend, who reported the incident to the police. The police interviewed the victim and transported her to a facility where she underwent a physical examination and submitted samples for a rape kit.

The police officers attempted to locate Jones, who was on escape status, for several months before they were able to arrest him. The police officers obtained an order to draw blood from Jones and subsequently confirmed that samples from the victim's rape kit matched Jones's DNA. Jones was charged in pertinent part with rape, aggravated sodomy, false imprisonment, and escape.

At trial, Jones testified that he went to the residence of the victim's boyfriend on the morning of November 16, 2003, to retrieve a laptop computer. Jones claimed

3

that the victim invited him inside the residence and asked him if he liked her physical appearance. Jones stated that the victim then led him into a bedroom where she consented to perform oral sex and to sexual intercourse. Jones further claimed that the victim asked him for money in exchange for sex, and that he refused to pay her.

After the presentation of the evidence at trial, the jury returned a verdict of guilty on the rape, aggravated sodomy, false imprisonment, and escape offenses.

1. Jones contends that the trial court erred in denying his motion to sever the escape offense from the remaining offenses. We disagree.[2]

> [A] defendant has a right to severance where the offenses are joined solely on the ground that they are of the same or similar character because of the great risk of prejudice from a joint disposition of unrelated charges. However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the sound discretion of the trial judge since the facts in each case are likely to be unique. A trial court does not abuse its discretion in denying a severance of counts where evidence of one charge would be admissible in the trial of another.

[2] We note that Jones's motion to sever was untimely, as it was filed on the morning of his trial. See OCGA § 17-7-110 ("All pretrial motions . . . shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court."). Nevertheless, the trial court agreed to hear and decide the motion on its merits.

(Citations and punctuation omitted.) *Carruth v. State*, 290 Ga. 342, 346 (4) (721 SE2d 80) (2012).

Here, the offenses of rape, aggravated sodomy, and false imprisonment were a series of acts connected to Jones's subsequent escape because they occurred within hours of his failure to report to the facility detention under the work-release program and were, thus, part of the immediate circumstance of the escape. See, e.g., *Owens v. State*, 271 Ga. App. 365, 370 (5) (a) (609 SE2d 670) (2005) (offenses that occurred within hours of escape are connected to escape offense for joinder purposes). Additionally, evidence of Jones's escape from the detention facility would have been admissible at a separate trial on the other offenses because evidence of flight is relevant to show consciousness of guilt. See *Jackson v. State*, 276 Ga. App. 77, 78 (1) (622 SE2d 423) (2005).

"Moreover, this case was not so complex as to impair the jury's ability to distinguish the evidence and apply the law intelligently as to each offense. Consequently, we conclude that the trial court did not abuse its discretion in denying [Jones's] motion to sever and motion for new trial on this basis." (Citations and punctuation omitted.) *Boatright v. State*, 308 Ga. App. 266, 274 (2) (707 SE2d 158) (2011).

2. Jones also contends that the trial court erred in denying his motion for new trial on the grounds that the State made improper statements to the jury during trial and at closing argument. However, Jones concedes, and the record confirms, that he failed to object to the challenged statements at the time they occurred. Citing *Parks v. State*, 254 Ga. 403, 415 (13) (330 SE2d 686) (1985), Jones argues that the prosecutor's remarks were so egregious as to require reversal despite the lack of a contemporaneous objection. *Parks*, however, was a death penalty case. Id. at 403. In non-death penalty cases, a defendant's failure to object to the prosecutor's remarks precludes enumerating it as error on appeal.[3] See *Conner v. State*, 251 Ga. 113, 123 (6) (303 SE2d 266) (1983).

3. Jones contends that his trial counsel was ineffective in several respects.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [See] *Strickland v. Washington*, 466 U. S. 668, 687 [104 SC 2052, 80 LE2d 674] (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test,

---

[3] Nevertheless, since Jones argues that his trial counsel was ineffective in failing to object to the challenged remarks, we shall review his contentions of error in the context of his ineffective assistance of counsel claims in Division 3 (a) below.

6

the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. Furthermore, there is a strong presumption that the performance of counsel was within the wide range of reasonable professional lawyering, and we cannot reach a contrary conclusion unless defendant successfully rebuts the presumption by clear and convincing evidence. Judicial scrutiny of counsel's performance must be highly deferential.

(Citations and punctuation omitted.) *Bridges v. State*, 286 Ga. 535, 537 (1) (690 SE2d 136) (2010). Applying these standards, we turn to address Jones's claims.

(a) Jones contends that his trial counsel was ineffective for failing to object to the prosecutor's improper statements and closing arguments. We address each of the challenged statements in turn below.

(i) Jones asserts that trial counsel should have objected to the prosecutor's statements referring to his "future dangerousness." Jones claims that the prosecutor made the improper comments when he stated:

[W]e know deep down that there is evil in this world. If there is any doubt about that, turn on the news tonight.
. . .

There are people out there that you teach your child not to talk to. . . . There are reasons, because there are people out there that are flat out dangerous. And now it's easy to sit in your Lazy-Boy . . . and hear about acts of violence, about acts of brutality, [and] about drug use.

7

It's kind of like white noise[.] [Y]ou hear it so often that . . . you're really numb to it. For the 12 of you this week, though, that's not the case. You were kind of put on the front lines in dealing with real life brutality, real life acts of violence. You can't just sit there[.]

We do not interpret these statements as an impermissible comment on Jones's future dangerousness. Instead, the comments were proper because they were intended to appeal to the jury to convict Jones for the safety of the community or to curb an epidemic of violence in the community, and to emphasize to the jury its responsibility to enforce the law. See *Clark v. State*, 285 Ga. App. 182, 184 (2) (645 SE2d 671) (2007). Since the challenged comments were permissible, "counsel's failure to object to these comments during argument was not deficient performance. . . . And the failure to make a meritless objection cannot be evidence of ineffective assistance." (Citations and punctuation omitted.) *Hughes v. State*, 302 Ga. App. 251, 253 (1) (690 SE2d 898) (2010).

(ii) Jones next asserts that the prosecutor improperly bolstered the victim's credibility. Jones cites the prosecutor's opening statements in which he noted that the victim would testify and referred to her physical appearance, her multiple accounting degrees, and her status as a law school student on a scholarship. These statements did not express a belief as to the victim's veracity or credibility, as the prosecutor was

8

merely referring to the victim's background. "Because the prosecutor's remarks did not convey [his] personal view of [the victim's] credibility to the jury but instead explained what [he] expected the evidence would show, the prosecutor's remarks were well within the proper bounds of opening statement." *Wilson v. State*, 276 Ga. 674, 676 (2) (581 SE2d 534) (2003).

Jones next asserts that the prosecutor bolstered the victim's credibility when, in redirect examination of the victim, the prosecutor asked her if she was telling the truth each time she recounted the rape incident and why she did not immediately call the police to report the incident. The prosecutor's questions, however, came after defense counsel attempted to impeach the victim's credibility. "Although a party normally may not bolster the veracity of an un-impeached witness, the State may rehabilitate a witness whose credibility has been attacked." (Punctuation and footnote omitted.) *Robinson v. State*, 275 Ga. App. 537, 538 (1) (621 SE2d 770) (2005); see also *Hall v. State*, 255 Ga. App. 631, 632 (1) (566 SE2d 374) (2002).

Jones also claims that the prosecutor improperly bolstered the victim's veracity during closing argument when he asked the jury to consider the victim's educational background and demeanor while testifying. In making the challenged statements, however, the prosecutor was urging the jury to accept the victim's testimony

9

regarding the incident and to reject Jones's testimony that the sexual encounter was consensual and that the victim asked for money in exchange for sex.

> As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion. This wide latitude encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence. Accordingly, it is proper for a prosecutor to urge the jury to draw inferences from the evidence regarding the credibility of witnesses.

(Citations and punctuation omitted.) *Brown*, supra, 293 Ga. App. at 637-638 (1) (d) (ii). Since the challenged statements did not bolster the victim's credibility, trial counsel's failure to make meritless objections did not constitute ineffective assistance. See *Hughes*, supra, 302 Ga. App. at 253 (1).

(iii) Jones also asserts that trial counsel was ineffective for failing to object to the prosecutor's insertion of his personal opinion as to Jones's guilt and the strength of the State's case. Jones refers to the prosecutor's statement, "I have met my burden [of proof] as to each and every element." This statement was preceded by the prosecutor's acknowledgment of his burden of proof, and was followed by the prosecutor's statement that he had shown through trial evidence how he established

10

each and every element of the offenses. Jones also cites the prosecutor's comments

on the victim's demeanor following the rape.[4]

> The statement[s], when read as a whole, [are] simply an urging by the prosecutor to find appellant guilty on the basis of the evidence introduced. Although expressions of personal opinion by the prosecutor are improper in closing argument, the prosecutor has wide latitude to argue inferences from the evidence. Therefore, the statement[s] complained of [were] not objectionable[.]

(Punctuation and footnote omitted.) *Wyatt v. State*, 267 Ga. 860, 864 (2) (a) (485

SE2d 470) (1997). As such, trial counsel's failure to object to the challenged

statements did not constitute ineffective assistance. See *Hughes*, supra, 302 Ga. App.

at 253 (1).

---

[4] We note that Jones also argues that trial counsel was ineffective for failing to object to the prosecutor's repeated use of the phrases "I think" or "I believe." However, Jones did not provide record citations to support his claim. "It is a sound rule of appellate practice that the burden is always on the appellant in asserting error to show it affirmatively by the record. [Jones] has not met his burden and it is not the function of this [C]ourt to cull the record on behalf of a party in search of instances of error." (Punctuation and footnote omitted.) *Walker v. State*, 296 Ga. App. 531, 537 (2) (b) (675 SE2d 270) (2009).

(iv) Jones also asserts that trial counsel was ineffective for failing to object to the prosecutor's statements regarding victim impact and attempts to shift the State's burden of proof.[5]

After summarizing Jones's defense, the prosecutor asked the jury to consider the implausibility of Jones's defense that the victim fabricated the rape allegations to "get back at [him] for stealing a computer." In particular, the prosecutor asked the jury to consider whether it sounded reasonable for the victim to fabricate the charges when she would have to "act upset" when the police arrived, submit to an invasive medical examination, and testify at trial where she would be subjected to cross-examination. The prosecutor told the jury that if it could "stomach" Jones's defense and find it reasonable, it should "let him go."

Read in context, the prosecutor was not offering an improper argument about the impact to the victim, but was instead arguing that based on the facts and reasonable inferences drawn from the evidence, the jury should accept the victim's version of the occurrence and reject Jones's version. "[I]t is proper for a prosecutor

---

[5] Jones also asserts that his trial counsel was deficient when he failed to object to the prosecutor's violation of the "golden rule" prohibition. Again, however, Jones provides no record citation to show where this violation allegedly occurred, and therefore has failed to show error by the record. See *Walker*, supra, 296 Ga. App. at 537 (2) (b).

12

to urge the jury to draw inferences from the evidence regarding the credibility of witnesses." (Citations and punctuation omitted.) *Brown*, supra, 292 Ga. App. at 637-638 (1) (d) (ii). Moreover, contrary to Jones's claim otherwise, the prosecutor's arguments regarding the credibility of the victim and Jones's lack of veracity did not shift the burden of proof to Jones. See, e.g., *Grant v. State*, 257 Ga. App. 275, 277 (2) (570 SE2d 597) (2002). Since the prosecutor did not improperly argue victim impact or shift the burden of proof, trial counsel's failure to object to the prosecutor's statements did not constitute ineffective assistance. *See Hughes*, supra, 302 Ga. App. at 253 (1).

(b) Jones next contends that his trial counsel was deficient by mistakenly stipulating that Jones had been convicted of theft by receiving. His contention has no merit.

As an initial matter, trial counsel did not stipulate that Jones had been convicted of theft by receiving. Rather, trial counsel stipulated that Jones pled guilty to felony forgery. Trial counsel explained that he entered into the stipulation because Jones's status on work-release would be admissible evidence as to the escape charge. Trial counsel believed that entering into the stipulation was less damaging to Jones's defense than having law enforcement officers testify as to Jones's participation in the

13

work-release program. While trial counsel acknowledged at the motion for new trial hearing that in hindsight, it may have been improper to stipulate to the reasons why Jones was on work-release, "[t]rial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Entering into the stipulation therefore was a reasonable trial strategy that did not amount to deficient performance." (Citations and punctuation omitted.) *Wilcox v. State*, 309 Ga. App. 538, 540 (2) (a) (711 SE2d 67) (2011); see also *White v. State*, 265 Ga. App. 155, 157 (1) (b) (592 SE2d 920) (2004) (trial counsel's tactical decision to enter stipulation, whether wise or unwise, will not be second-guessed on appeal).

(c) In his final enumeration of error, Jones asserts that trial counsel was ineffective for failing to have the jury polled. "[Jones] has not cited – and we have not found – any authority requiring trial counsel to poll the jury to provide effective representation. On the contrary, we have consistently rejected ineffective assistance claims based on the failure to conduct a poll." (Punctuation and footnote omitted.) *Williams v. State*, 300 Ga. App. 839, 843 (2) (d) (686 SE2d 446) (2009); *Ellison v. State*, 296 Ga. App. 752, 756-757 (2) (e) (675 SE2d 613) (2009). Consequently, we reject Jones's claim of ineffectiveness on this ground.

14

3. Neither party raises the issue, but it is apparent that the trial court's written sentence form contains a scrivener's error that should be corrected on remand. Notably, although Jones was found guilty of aggravated sodomy and not guilty of armed robbery, the written sentence indicates otherwise. The trial court nevertheless entered a sentence on the aggravated sodomy offense and not on the armed robbery charge. Under these circumstances, we remand the case for the trial court to correct the error in the written sentence. See *Hickson v. State*, 308 Ga. App. 50, 56 (6) (706 SE2d 670) (2011); *Chaney v. State*, 281 Ga. 481, 483 (2) (640 SE2d 37) (2007).

*Judgment affirmed and case remanded with direction. Ray and Branch, JJ., concur.*