**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 8, 2013**

# In the Court of Appeals of Georgia

A12A2436. EVANS v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Telliton Evans was convicted of armed robbery, possession of a knife during the commission of a felony, and hijacking a motor vehicle. He appeals, arguing that the trial was barred by double jeopardy, that the evidence was insufficient, that an in-court identification was improper, that his trial counsel was ineffective, and that the trial court imposed an improper sentence for the hijacking offense. Because no plea in bar was filed and a second trial after a mistrial due to a hung jury does not constitute double jeopardy, there was enough evidence to support the jury's verdict, no objection to the in-court identification was raised and such identification was admissible, and there has been no showing that counsel's performance was either deficient or prejudicial, we affirm. However, while the parties

agree that the trial court did originally impose an incorrect sentence for hijacking a motor vehicle, it appears that the trial court may have corrected that sentence but failed to include such correction in the record. Accordingly, the case is remanded to the trial court for entry of the correct sentence.

1. *Double jeopardy.*

Evans complains that the trial constituted double jeopardy because it took place after an earlier trial had ended in a mistrial when the jury was unable to reach a verdict. But as Evans acknowledges in his brief, he did not file a plea in bar raising a double jeopardy claim prior to the second trial. "His failure to file a written plea in bar before his second trial operates as a waiver of his subsequent challenge on double jeopardy grounds. [Cits.]" *McCormick v. Gearinger*, 253 Ga. 531, 534 (3) (322 SE2d 716) (1984).

Moreover, even if the challenge had not been waived, it is without merit. "Retrial of a criminal defendant after a mistrial caused by the inability of the jury to reach a verdict does not constitute double jeopardy where there is manifest necessity for declaring the mistrial. Where the jury is hopelessly deadlocked, this constitutes manifest necessity for declaring a mistrial." (Citation omitted.) *Leonard v. State*, 275 Ga. App. 667, 668-669 (621 SE2d 599) (2005).

2

2. *Sufficiency of the evidence.*

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This [c]ourt determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, [443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979),] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, we must uphold the jury's verdict.

(Punctuation and citations omitted.) *Campbell v. State*, 314 Ga. App. 299, 300 (724 SE2d 24) (2012).

So viewed, the evidence shows that on the evening of December 23, 2009, Shanal Amin had just gotten into her car in the parking lot of a shopping center when a man approached the car and yanked open the door. The man sat on Amin's lap and put his face only a couple of inches from hers; he threatened Amin with a knife, holding it to her throat; and he demanded her money. Amin gave him the few dollars that she had, and then the man ordered Amin to give him her car keys, which she did. He then threw Amin out of the car and drove away in her car. Five days later, a police officer found Evans sitting in Amin's car. That same day, a detective met with Amin,

3

and she identified Evans from a six-person photographic lineup as the man who had robbed her. She also identified him at trial.

Evans argues that his mere presence in the victim's stolen car was insufficient to support his convictions. However, the evidence showed more than Evans' mere presence in the vehicle; it showed that Evans was identified by the victim as the man who had robbed her at knifepoint. "The victim's testimony alone[, including her identification of Evans as the perpetrator,] established the essential elements of the offenses. . . . Based upon the evidence set forth above, [Evans'] convictions were authorized under the standard of *Jackson v. Virginia*[, supra]." (Citations omitted.) *Lester v. State*, 309 Ga. App. 1, 2 (1) (710 SE2d 161) (2011).

3. *In-court identification.*

Evans enumerates that the trial court erred in allowing the victim's in-court identification of him because it was tainted by a pretrial identification based on an impermissibly suggestive photographic lineup. However, as Evans acknowledges, he did not object at trial to the in-court identification. "Appellate review of the issue is waived due to failure to object at trial. [Cits.]" *Brooks v. State*, 281 Ga. 514, 518 (5) (640 SE2d 280) (2007).

4

Furthermore, even if the pretrial identification was tainted, the victim's subsequent in-court identification of Evans as the perpetrator was not inadmissible. "[I]f an out-of-court identification is impermissibly suggestive, an in-court identification is [still] admissible if it does not depend upon the prior identification, but has an independent origin." (Citation and punctuation omitted.) *Escobar v. State*, 279 Ga. 727, 729 (2) (620 SE2d 812) (2005). Here, the victim testified that as she was in the driver's seat of her car Evans sat on her lap. He was not wearing a mask and held his face only a couple of inches from her face. The incident lasted for one minute, and she was looking at his face the whole time. Thus, the victim's viewing of Evans as he sat on her lap during the commission of the crimes provided an independent basis for her in-court identification. See *Escobar*, supra; *Fletcher v. State*, 277 Ga. 795, 797 (3) (596 SE2d 132) (2004); *Wilson v. State*, 275 Ga. 53, 59 (3) (562 SE2d 164) (2002).

4. *Ineffective assistance of counsel.*

Evans claims that his trial counsel was ineffective in failing to object to the victim's in-court identification of him and in failing to file a plea in bar based on double jeopardy. In order to prevail on such claims of ineffective assistance of counsel, Evans "must prove both that his trial counsel's performance was deficient

5

and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." (Citations and punctuation omitted.) *Sigman v. State*, 287 Ga. 220, 221 (2) (695 SE2d 232) (2010). Evans has failed to make either showing.

As an initial matter, we note that it appears from the transcript of the motion for new trial hearing that Evans' trial counsel was not called to testify at the hearing. Where, as here, trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome the presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Hill v. State*, 290 Ga. 493, 499 (722 SE2d 708) (2012). Furthermore, as explained above in Divisions 1 and 3, retrial after a mistrial due to a deadlocked jury does not constitute double jeopardy and the victim's in-court identification of Evans was not improper. Thus, any challenges by counsel on those grounds would have been without merit, and "[t]rial counsel cannot be deemed ineffective for failure to make a futile or meritless objection." (Citation and punctuation omitted.) *Thomas v. State*, ___ Ga. App. ___ (5) (b) (734 SE2d 823) (2012).

5. *Sentence for hijacking a motor vehicle.*

6

Evans contends that the trial court erred in sentencing him to life without parole for the offense of hijacking a motor vehicle. The state acknowledges in its brief that such a sentence was improper, but asserts that the trial court corrected the error by vacating the improper sentence and resentencing Evans to serve 20 years for the hijacking a motor vehicle offense. The state includes a purported quote from the order denying the motion for new trial in which the trial court imposes the appropriate 20-year sentence after noting that the defendant and the state agreed that the original life without parole sentence was erroneous. However, the state has not included a record citation for that quote, and the order denying the motion for new trial included in the record before us does not contain the purported resentencing language. The state also has not provided a record citation for a new final disposition by the court actually resentencing Evans to the appropriate 20-year term, and our review of the record reveals only the original life without parole sentencing form. However, our review of the transcript from the motion for new trial hearing does indeed confirm that the defendant and the state agreed before the trial judge that the life without parole sentence for hijacking was not authorized.

Accordingly, the case is remanded to the trial court to assure correction of the improper life without parole sentence for hijacking a motor vehicle and entry of a

corrected sentence. See *Jones v. State*, 318 Ga. App. 342, 350 (4) (733 SE2d 400) (2012) (case remanded to trial court to correct error in written sentence).

*Judgment affirmed and case remanded with direction. Barnes, P. J., and McMillian, J., concur.*