**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 11, 2013**

# In the Court of Appeals of Georgia

A12A2406. HOWELL v. THE STATE.

RAY, Judge.

Following a jury trial, Jason Howell was convicted of statutory rape,[1] possession of a controlled substance,[2] and possession of drugs not in original container.[3] After a hearing, the trial court denied Howell's motion for new trial. Howell appeals, contending that the evidence was insufficient to support the verdict and that the trial court erred in denying his motion to sever offenses. For the reasons that follow, we affirm.

---

[1] OCGA § 16-6-3 (a).

[2] OCGA § 16-13-30 (a), (g).

[3] OCGA § 16-13-75 (a).

Properly viewed,[4] the evidence shows that on June 9, 2011, the fourteen-year-old victim, S. R., was staying with a family friend, Kimberly Mills, while her mother was out of town. Mills and S. R. were drinking beer and watching a movie when Howell and a friend came over to the house. Howell was twenty-one years old at the time. After introducing Howell to S. R., Mills spoke privately to Howell and then went to her bedroom and fell asleep. Howell's friend eventually left, leaving Howell and S. R. alone.

Shortly thereafter, Howell grabbed S. R. and began forcibly kissing her. After attempting to force S. R. to perform oral sex on him, Howell pinned S. R. to the floor and had intercourse with her against her will. After the incident, Howell forced S. R. into Mills' car and drove her to Taco Bell. When they returned, S. R. ran inside Mills' house, got her cell phone, and left.

After leaving Mills' residence, S. R. called Jared Barfield and informed him that she had just been raped. Barfield told her to call the police. S. R. proceeded to run down the street, and Barfield remained on the phone with S. R. until she reached a fire station. Once at the fire station, S. R. got off the phone with Barfield and called the police.

---

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

S. R. accompanied police officers to Mills' house where they found Howell asleep on the couch and arrested him. The police discovered Alprazolam[5] pills hidden inside a cigarette package in Howell's possession during a search incident to his arrest.

S. R. was taken to the hospital where she was examined by medical personnel. The examining physician, Dr. Keith Blanks, testified at trial that he observed fresh bruising around S. R.'s neck and chest, as well as internal and external injuries to her vaginal area which were consistent with a sexual assault. Brina Janssen, a registered nurse, testified that she heard S. R. state during the examination that Howell had attempted to force her to perform oral sex, and that he raped her by grabbing her arms and forcibly penetrating her vagina. DNA swabs were taken from S. R. and Howell, and Howell's DNA profile was found on the sample taken from S. R.'s breast area.

After leaving the hospital, S. R. was formally interviewed by Corporal Valerie Holder of the Columbus Police Department. In her testimony at trial, Corporal Holder confirmed that S. R. stated during the interview that she and Howell "tussled or

---

[5] See OCGA § 16-13-28 (a) (1) (identifying Alprazolam, commonly known as Xanex, as a Schedule IV controlled substance).

3

struggled" on the couch before ending up on the floor, where Howell pinned her down and had intercourse with her.

1. Howell contends that the evidence was insufficient to support his conviction for statutory rape.[6] We disagree.

Howell argues that S. R. failed to adequately explain how the sexual assault could have occurred as she alleged and that portions of her testimony were inconsistent with her previous statements.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It is the function of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. As long as there is some competent evidence, even though contradicted, to support each fact

---

[6] Howell does not challenge the sufficiency of the evidence regarding his convictions for possession of a controlled substance and possession of drugs not in original container, so we will not address them. See *Ambati v. Bd. of Regents of the Univ. System of Ga.*, 313 Ga. App. 282, 283 (721 SE2d 148) (2011) ("It is the function of this Court to address only those claims of error raised on appeal").

necessary to make out the State's case, the jury's verdict will be upheld.[7]

Under OCGA § 16–6–3(a), "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim."

In this case, S. R. testified that Howell "grabbed" her and attempted to force her to perform oral sex on the couch, then took her pants off, pinned her down on the floor, and had intercourse with her against her will. Additionally, S. R.'s testimony about the incident was corroborated by other witnesses who testified at trial. The doctor who performed the sexual assault medical exam testified that S. R.'s injuries were consistent with a sexual assault, and law enforcement personnel testified that Howell's DNA was found on S. R.'s breast. Accordingly, we find that the evidence was sufficient to support Howell's conviction for statutory rape.[8]

---

[7] (Citations and punctuation omitted; emphasis in original.) *Williamson v. State*, 315 Ga. App. 421, 422 (1) (727 SE2d 211) (2012).

[8] *Jackson*, supra; *Williamson*, supra at 423-424 (1) (a).

5

To the extent Howell contends that S. R.'s testimony was inconsistent with or contradicted by other evidence, we do not weigh the evidence or judge the credibility of witnesses, as those tasks rest squarely with the jury.[9]

2. Howell contends that the trial court erred in denying his motion to sever the counts alleging sexual offenses from the counts alleging drug offenses. Specifically, Howell argues that the drug possession and sexual offenses were not based on the same conduct or on a series of connected or related acts, and that severance was necessary to achieve a fair determination of his guilt or innocence for each offense. We disagree.

> Where, as here, the joinder of charges is based on the fact that the charges comprise a series of connected acts, whether to sever the charges for trial is a matter for the trial court's discretion. The trial court does not abuse its discretion in denying a severance motion where evidence of one charge would be admissible in the trial of the other. Evidence of the circumstances of a defendant's arrest is admissible in the trial of the charge for which he was arrested. When the circumstances of that arrest result in additional criminal charges, it is not

---

[9] See *Williamson*, supra. at 425 (1) (c).

an abuse of discretion to refuse to sever the trial of those charges from the trial of the charge for which appellant was arrested.[10]

In *Coleman v. State*[11], our Supreme Court upheld the denial of a motion to sever drug possession charges from murder charges where the drug charges resulted from a search of the defendant's vehicle that he abandoned as he fled from deputies shortly before he was arrested. The Court found that the drug charges were a circumstance of the arrest for homicides for which the defendant was tried.

Here, the evidence shows that, shortly after the sexual assault, the police discovered the drugs hidden inside a cigarette package in Howell's possession during a search incident to his arrest on the sexual offenses. Thus, the drug possession charges were related because they were an immediate circumstance of Howell's arrest for the sexual offenses for which he was being tried.[12]

Furthermore, Howell failed to establish that severance was required. The evidence corroborating the victim's testimony was overwhelming, and the "case was

---

[10] (Citations omitted.) *Miller v. State*, 270 Ga. 741, 744 (3) (512 SE2d 272) (1999).

[11] 286 Ga. 291, 302 (10) (687 SE2d 427) (2009).

[12] *Roundtree v. State*, 270 Ga. 504, 505 (2) (511 SE2d 190) (1999).

not so complex as to impair the jury's ability to distinguish the evidence and apply the law intelligently as to each offense."[13]

Accordingly, the trial court did not abuse its discretion in denying the motion to sever the charges.[14]

*Judgment affirmed. Miller, P. J. and Branch, J., concur.*

---

[13] (Citation omitted.) *Jones v. State*, ___ Ga. App. ___ (1) (733 SE2d 400) (2012).

[14] *Coleman*, supra.

8